## WESTERN FRUIT EXPRESS CO. v. UNITED STATES.

### No. 43270.

Court of Claims.
Feb. 5, 1940.

James A. Cosgrove, of Washington, D. C. (Raymond H. Berry, Ralph W. Barbier, and Arthur L. Evely, all of Detroit, Mich., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

Thomas M. Wilkins, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D.C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

PER CURIAM.

On August 22, 1933, plaintiff filed a capital stock tax return for the first capital stock year ending June 30, 1933, and in this document a value of $6,800,000 for its capital stock at December 31, 1932, was shown. Thereafter, on September 28, 1933, plaintiff prepared, executed, and filed another return for the first capital stock tax year ending June 30, 1933, which it denominated its "First Return", in which it declared the value of its entire capital stock at $2,000,000 as at December 31, 1932. The time as extended for filing the capital stock tax return for the first year ending June 30, 1933, and for declaring a value for the capital stock, for the purpose of the capital stock and the excess profits tax, did not expire until September 29, 1933. Both documents above mentioned were filed within the time allowed by statute as extended by the Commissioner of Internal Revenue pursuant to authority conferred by statute.

A capital stock tax of $6,800 was collected on the basis of the value of $6,800,-000 stated by plaintiff in the first document filed. The capital stock tax due based on the value declared in the second return, denominated by plaintiff as its "First Return" for the first capital stock tax year, was $2,000. Plaintiff duly filed a claim for refund for the difference of $4,800 which the Commissioner rejected on the ground that plaintiff was bound on the value of $6,800,-000 declared in the return filed August 22, 1933. Thereafter this suit was timely instituted.

 Plaintiff was entitled under the statute to amend the declaration of value as made in the return filed August 22, 1933, within the time allowed for filing its capital stock tax return for the "First Year" ending June 30, 1933. In Haggar Company v. Helvering, 60 S.Ct. 337, 340, 84 L.Ed.——, decided January 2, 1940, the court said: "'First return' thus means a return for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a timely amended return for that year. A timely amended return is as much a 'first return' for the purpose of fixing the capital stock value in contradistinction to returns for subsequent years, as is a single return filed by the taxpayer for the first tax year."

Plaintiff is entitled to recover and judgment will be entered in its favor for $4,800 with interest as provided by law. It is so ordered.